# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| JASON BERRY, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 1:24-cv-222 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| SULLIVAN COUNTY JAIL, | ) | Magistrate Judge Steger |
| JEFF CASSIDY, and RICHARD S. | ) | |
| VENABLE, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner in the custody of the Tennessee Department of Correction ("TDOC") currently housed in the Sullivan County Jail, filed a pro se civil rights action under 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, the Court will grant Plaintiff's motion and dismiss the complaint for failure to state a claim upon which relief may be granted.

## I.    MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from Plaintiff's motion to proceed *in forma pauperis* [Doc. 4] that he lacks the financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee 37402, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred

fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum Opinion and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk will also be **DIRECTED** to furnish a copy of this Memorandum Opinion and Order to the Court's financial deputy. This Memorandum Opinion and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.    SCREENING OF COMPLAINT

### A.    Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish

undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## B. Plaintiff's Allegations

Seven months before Plaintiff filed this civil rights action, Judge Goodwin sentenced Plaintiff to a six-year sentence [Doc. 1 at 3, 4]. Judge Goodwin ordered that Plaintiff be given his time-served credit and that he be sent to the TDOC [*Id.* at 4]. "They" keep telling Plaintiff that he is a TDOC inmate and is "going[,]" but others are transferred out of the Sullivan County Jail while Plaintiff is not [*Id.*]. Additionally, Plaintiff and over 200 other people sleep on the floor [*Id.*]. People are "all around the toilet[,]" and some inmates sleep in the dayroom [*Id.*]. Aggrieved, Plaintiff filed the instant suit against the Sullivan County Jail, Sheriff Jeff Cassidy, and Mayor Richard S. Venable, seeking monetary damages, a federal inspection, and "new workers in the jail" [*Id.* at 5].

## C. Analysis

### 1. The Defendants

Plaintiff does not state whether he is suing Defendants in their individual capacities, their official capacities, or in both capacities [*See generally* Doc. 1]. Out of an abundance of caution,

3

the Court assumes Plaintiff brings this action against Defendants in both their individual and official capacities.

But to state a claim against any individual Defendant, Plaintiff must adequately plead that the particular Defendant, through his or her own actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). And here, Plaintiff has not alleged any facts suggesting that any individual Defendant's actions violated his constitutional rights. Accordingly, all individual-capacity claims against Defendants will be **DISMISSED**.

Additionally, the Sullivan County Jail is not a person subject to liability under § 1983. *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Accordingly, the Sullivan County Jail is **DISMISSED**.

Sullivan County itself is a suable entity, but suit against it can be maintained only where Plaintiff plausibly alleges that the policies or customs of the County caused violations of his constitutional rights. *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs"). And suit against a Sullivan County employee in his official capacity is the equivalent of suit against the County itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). Therefore, Plaintiff cannot maintain an official-capacity claim

4

against Defendants Cassidy and/or Venable unless he adequately pleads that "a policy or well-settled custom of the [County] was the 'moving force' behind the alleged deprivation" of his rights. *Braswell v. Corr. Corp. of America*, 419 F. App'x 622, 627 (6th Cir. 2011). But Plaintiff has not maintained that his constitutional rights were violated because of an established policy or custom of Sullivan County. Accordingly, all official-capacity claims against Defendants will be **DISMISSED**.

### 2. The Claims

Even if Plaintiff had identified an individual to whom § 1983 liability properly attached, his allegations fail to state a claim upon which relief may be granted. While inmates are not guaranteed "'comfortable prisons,'" they are protected against "'inhumane ones,'" and "'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Id*. (quoting *Farmer*, 511 U.S. at 828).

The deliberate-indifference inquiry consists of two parts. *Id*. at 839–40 (citations omitted). First, the objective prong requires an inmate to show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Id*. at 840 (quoting *Farmer*, 511 U.S. at 834). Second, the subjective prong requires that "an official must 'know of and disregard an excessive risk to inmate health or safety.'" *Id*. (alterations omitted) (quoting *Farmer*, 511 U.S. at 837).

But "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). Instead, "[r]outine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1,

5

9 (1992) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Thus, only "extreme deprivations" that deny a prisoner "the minimal civilized measure of life's necessities" violate a prisoner's rights under the Eighth Amendment. *Id.* (citations and internal quotation marks omitted). In examining such claims, the court must determine whether the risk of which the plaintiff complains is "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993); *see also Rhodes*, 452 U.S. at 347.

Here, Plaintiff complains that he sleeps on the floor. He does not specify whether he is also deprived of a mattress. Regardless, the deprivation of an elevated bed or mattress does not deprive an inmate of "the minimalized civil measure of life's necessities" absent some sort of physical injury. *Rhodes*, 452 U.S. at 347; *see also Bodman v. Dennis*, No. 14-1316, 2015 WL 13927074, at *2 (6th Cir. Mar. 31, 2015) (holding that being "required to sleep on a pallet on the floor and not allowed a shower for eight days" does not violate the Eighth Amendment); *Grissom v. Davis*, 55 F. App'x 756, 758 (6th Cir. 2003) (finding no Eighth Amendment violation where plaintiff "neither alleged nor presented any evidence that the seven-day mattress restriction deprived her of basic human needs or caused her to suffer serious harm"); *Jones v. Toombs*, 77 F.3d 482, 1996 WL 67750, at *1 (6th Cir. Feb. 15, 1996) ("The defendants did not violate Jones's Eighth Amendment rights by depriving him of a mattress for a two[-]week period."); *Schroeder v. Kaplan*, No. 93-17123, 1995 WL 398878, at *2 (9th Cir. July 7, 1995) (requiring prisoner to sleep on floor for a four-week period without use of mattress does not violate the Eighth Amendment).

Plaintiff does not allege that he experienced any physical injury because he sleeps on the floor. Therefore, this allegation fails to state a claim.[1]

The gravamen of Plaintiff's complaint is that he is a TDOC inmate who has not been transferred to a TDOC facility [*See* Doc. 1 p. 4]. However, the placement of prisoners is a matter left to the discretion of state officials, and a prisoner has no constitutional right or protected liberty interest in where he is housed. *See Olim v. Wakinekona*, 461 U.S. 238, 245–46 (1983); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *see also LaFountain v. Harry*, 716 F.3d 944, 948 (6th Cir. 2013) (noting that, absent unusual circumstances, prison officials, rather than judges, should decide where a particular prisoner should be housed). As such, this allegation fails to state a claim.

Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983, and it will be **DISMISSED**.

## III.    CONCLUSION

For the reasons set forth above:

1.    Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2.    Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3.    The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4.    Plaintiff's complaint will be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted; and

5.    The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

---

[1] Plaintiff also alleges that some inmates must sleep near the toilet. But he does not allege that he is forced to sleep near the toilet, and he cannot assert the constitutional claims of others. *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989) (holding that a "a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and . . . lacks standing to assert the constitutional rights of other prisoners").

**SO ORDERED.**

/s/ *Charles E. Atchley, Jr.*

**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**